IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AARON NICHOLAS WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-032 |
| | ) | |
| WARDEN BROWN, Hancock State Prison; | ) | |
| WARDEN STAN SHEPARD, Augusta | ) | |
| State Medical Prison; TERRY BUSSY, | ) | |
| Deputy Warden, Care of Treatment, | ) | |
| Augusta State Medical Prison; T.J. CONLEY, | ) | |
| Deputy Warden, Security, Augusta State | ) | |
| Medical Prison; and | ) | |
| TRACY ANTHONY MILLER, Inmate, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

In a complaint signed on January 27, 2015, and received by the Clerk of Court for filing on February 27, 2015, Plaintiff names the following as Defendants in this case: (1) FNU Brown, a warden at Hancock State Prison; (2) Stan Shepard, a warden at ASMP; (3) Terry Bussy, a

deputy warden of care and treatment at ASMP; (4) T.J. Conley, a deputy warden of security at ASMP; and (5) Tracy Anthony Miller, an inmate at ASMP. (See doc. no. 1, pp. 1, 4, 6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On December 28, 2012, Defendant Miller ripped Plaintiff's diaper off and tried to digitally penetrate Plaintiff's anus. (Id. at 5.) When Plaintiff tried to pull away, Defendant Miller struck Plaintiff in the hand with a shank. (Id.) The following day, Defendant Miller again pulled the same shank on Plaintiff and threatened to kill him. (Id.) Correctional Officer Hall then called Lt. Jones, Sgt. Boyton, and Sgt. Brinson to conduct cell searches because Defendant Miller claimed to be missing personal property. (Id.) Although none of Defendant Miller's claimed missing property was recovered, the correctional officers did find the shank that had been used against Plaintiff. (Id.) Despite statements by Plaintiff and other inmates to security about Defendant Miller's threats against Plaintiff, Defendant Miller was not placed in lockdown, and he continued to make obscene comments and threats to Plaintiff. (Id.)

On January 1, 2013, Defendant Miller came up behind Plaintiff while Plaintiff was cleaning his room, and Plaintiff hit him with a broom in self-defense. (Id.) Lt. Carroll then placed Plaintiff, but not Defendant Miller, in lockdown. (Id.)

Plaintiff seeks monetary damages from Defendants Shepard, Conley, and Brown for not properly training the staff at ASMP on how to protect him and how to keep Plaintiff and Defendant Miller separated. (Id. at 6.) He also seeks monetary damages from Defendant Bussy for failing to follow Department of Corrections Standard Operating Procedures and Protocols in some unspecified way. (Id.) Plaintiff also wants rape charges brought against Defendant Miller and an order to Defendant Miller to stay away from Plaintiff. (Id.)

**B. DISCUSSION**

**1. Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Are Time-Barred.

Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Abreu-Velez v. Board of Regents of Univ. Sys. of Ga., 248 F. App'x 116, 117 (11th Cir. 2007); Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims for injuries to the person must be brought within two years of their accrual. Richards v. Cobb County, Ga., 487 F. App'x 556, 557 (11th Cir. 2012); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Georgia. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the last event described in his complaint occurred, January 1, 2013. He did not sign his complaint until January 27, 2015. (Doc. no. 1, p. 6.) Thus, the claims

are outside of the two-year statute of limitations period and are subject to dismissal as time-barred.

### 3. Even If the Claims Were Not Time-Barred, Plaintiff Fails to State a Claim Against Defendants Brown, Shepard, Conley, or Bussy.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. Puerto Rico Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff never mentions these wardens and deputy wardens in his statement of claim. (Doc. no. 1, p. 5.) He mentions them only in his claim for relief. (Id. at 6.)

However, even if the Court were to liberally construe the information provided by Plaintiff in his request for relief as part of his statement of claim, he still fails to state a claim for relief because he is attempting to hold these four Defendants liable merely in light of their supervisory positions at ASMP.[1] "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983

---

[1]Although Defendant Brown is identified as the warden at Hancock State Prison, the Court presumes that he was a warden at ASMP at the time of the events in question because Plaintiff never states he was incarcerated with Defendant Miller at Hancock State Prison. In any event, if Plaintiff did have claims about events that occurred at Hancock State Prison, that institution is located in Sparta, Georgia, which is situated in the Middle District of Georgia. Thus, any such claims would belong in a lawsuit filed in federal court in the Middle District.

5

simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants Brown, Shepard, Conley, or Bussy liable, Plaintiff must demonstrate that either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, as explained above, Plaintiff never mentions these four Defendants in his statement of claim, and he appears to fault them for not properly training the officers, whose actions he does describe in his statement of claim, to protect him from Defendant Miller. (See generally doc. no. 1.)

Likewise, Plaintiff must allege a causal connection between these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating

"widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, as noted above, Plaintiff never mentions these Defendants in his statement of claim, let alone does Plaintiff draw the necessary causal connection to any alleged constitutional violation. To the extent Plaintiff does allege in his relief section that Defendant Bussy did not follow certain Department of Corrections regulations and/or protocols, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a § 1983 claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, CV 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012); Jones v. Schofield, 1:08-CV-7 WLS, 2009 WL 902154, at *3 (M.D. Ga. Mar. 30, 2009) ("Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or

redressed in a § 1983 action."). Thus, Plaintiff fails to draw the necessary connection between any of these supervisory Defendants and any alleged constitutional violation.

Accordingly, even if Plaintiff's claims were not time-barred, and even if Plaintiff had not failed to mention them in his statement of claim, Defendants Brown, Shepard, Conley, and Bussy cannot be held liable on a theory of respondeat superior.

### 4. Even If the Claims Were Not Time-Barred, Plaintiff Fails to State a Claim Against Defendant Miller.

Plaintiff also claims that Tracy Anthony Miller, a fellow inmate at ASMP, violated his rights by attacking and harassing him. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). A private person is only viewed as acting under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior" may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted). Plaintiff has failed to allege any such nexus, and thus, even if Plaintiff's claims were not time-barred, any federal claim against Defendant Miller must be dismissed. See Mosley v. Medlin, CV 313-086, 2014 WL 3110027, at *6 (S.D. Ga. July 7, 2014) (dismissing § 1983 claim against fellow inmate where no nexus alleged between State and challenged action); Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan. 7, 2008) (same).

To the extent Plaintiff seeks to require criminal charges be brought against Defendant Miller, it is well-settled that "a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another." Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Indeed, the decision on whether to ultimately prosecute a criminal case would be a matter entirely in local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Accordingly, Plaintiff has no valid § 1983 claims against Defendant Miller.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of April, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA